# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE R. MEJIA, | ) | Case No. CV 12-9446-JEM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | AFFIRMING DECISION OF THE |
| CAROLYN W. COLVIN, | ) | COMMISSIONER OF SOCIAL SECURITY |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEEDINGS**

On November 7, 2012, Jose R. Mejia ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on March 5, 2013.  On May 8, 2013, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 51-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on January 28, 2009.  (AR 199-206.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date of his disability.  (AR 26.)

Plaintiff's claims were denied initially.  (AR 110-118.)  Plaintiff then sought review and on January 19, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Ariel L. Sotolongo.  (AR 81-87.)  On July 5, 2011, the matter on remand from the Appeals Council proceeded to a hearing before ALJ David G. Marcus.  (AR 24, 57-80.)  Claimant appeared and testified at the hearing with the assistance of a Spanish interpreter and was represented by counsel.  (AR 24, 57-80.)  Medical expert ("ME") Dr. Steven Gerber testified at the hearing by telephone.  (AR 24.)  Vocational expert ("VE") Freeman Leeth, Jr. also appeared and testified at the July 5, 2011, hearing.  (AR 24, 77-79.)

The ALJ issued an unfavorable decision on August 4, 2011.  (AR 24-32.)  The Appeals Council denied review on August 8, 2012.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1.     Whether the ALJ properly considered the testimony of Jose Mejia.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

2  401 (internal quotation marks and citation omitted).

3      This Court must review the record as a whole and consider adverse as well as

4  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where

5  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

6  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7  "However, a reviewing court must consider the entire record as a whole and may not affirm

8  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

9  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

10 F.3d 625, 630 (9th Cir. 2007).

11                            **THE SEQUENTIAL EVALUATION**

12      The Social Security Act defines disability as the "inability to engage in any substantial

13 gainful activity by reason of any medically determinable physical or mental impairment which

14 can be expected to result in death or . . . can be expected to last for a continuous period of not

15 less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

16 established a five-step sequential process to determine whether a claimant is disabled.  20

17 C.F.R. §§ 404.1520, 416.920.

18      The first step is to determine whether the claimant is presently engaging in substantial

19 gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

20 in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

21 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

22 combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not

23 significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

24 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an

25 impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

26 at 746.  If the impairment meets or equals one of the listed impairments, the claimant is

27 presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine

28

3

whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date.  (AR 26.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: history of seizures; gout; diabetes mellitus; a mood disorder associated with general medical condition; and low intellectual functioning.  (AR 26-27.)

1    At step three, the ALJ determined that Claimant does not have an impairment or

2 combination of impairments that meets or medically equals one of the listed impairments.  (AR

3 27-28.)

4    The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform

5 work with the following limitations:

6        Claimant is able to lift 25 pounds frequently and 50 pounds occasionally;

7        able to stand and/or walk six hours in an eight-hour workday; able to sit four

8        to six hours in an eight-hour workday; unable to work in especially

9        hazardous environments, such as work at unprotected heights or near

10       dangerous machinery; and limited to jobs requiring only simple work-related

11       decisions with few workplace changes.

12 (AR 28-30.)  In determining the RFC, the ALJ made an adverse credibility determination.  (AR

13 28-30.)

14    At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as

15 building maintenance repairman.  (AR 30.)  The ALJ, however, also found that, considering

16 Claimant's age, education, work experience and RFC, there are a significant number of jobs in

17 the national economy that Plaintiff can perform, including cleaner, laundry worker, and packer.

18 (AR 30-31.)

19    Consequently, the ALJ determined that Claimant is not disabled within the meaning of

20 the Social Security Act at any time from the alleged onset date through the date of the ALJ's

21 decision.  (AR 31.)

22                                    **DISCUSSION**

23 **I.    THE ALJ PROPERLY DISCOUNTED
         PLAINTIFF'S CREDIBILITY**

24    Plaintiff Jose R. Mejia contends that the ALJ's adverse credibility determination was

25 made in error.  The Court disagrees.  The ALJ properly discounted Claimant's credibility as to

26 his subjective symptoms for clear and convincing reasons supported by substantial evidence.

27

28

                                        5

1  The ALJ's non-disability determination is supported by substantial evidence and free of legal

2  error.

3        **A.    Relevant Law**

4        The test for deciding whether to accept a claimant's subjective symptom testimony turns

5  on whether the claimant produces medical evidence of an impairment that reasonably could be

6  expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

7  346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

8  F.3d at 1281-82 & n.2.  The Commissioner may not discredit a claimant's testimony on the

9  severity of symptoms merely because it is unsupported by objective medical evidence.

10  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's

11  symptom testimony not credible, the ALJ "must specifically make findings which support this

12  conclusion."  Bunnell, 947 F.2d at 345.  These findings must be "sufficiently specific to permit

13  the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony."

14  Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d

15  853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of

16  malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms

17  only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at

18  1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not

19  credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80

20  F.3d at 1284.

21        **B.    Analysis**

22        Claimant has described his condition as markedly limiting his functioning.  (AR 29.)  His

23  symptoms have included constant pain and swelling, as well as an inability to be alone due to a

24  history of seizures.  (AR 29.)  Mr. Mejia described limitations as requiring substantial rest

25  periods with activity.  (AR 242.)  Mr. Mejia is only able to perform activities for one-half hour

26  before needing a break.  (AR 242.)  The VE testified that a person who, "secondary to mental

27  impairment," would be absent from work three or more times a month would be unable to

28  perform any work.  (AR 79.)  The VE also testified that a person off task "as a result of an

impairment or side effect of medication up to 25 percent of time" would be unable to perform any work.  (AR 79.)

The ALJ, however, concluded that Plaintiff could perform medium level work in the national economy "requiring only simple work-related decisions with few workplace changes." (AR 28.)  Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

First, the ALJ found that the objective medical evidence did not substantiate Claimant's subjective symptom allegations.  (AR 26-27, 29-30.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959; 20 C.F.R. 1529(c)(2) ("we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements").  Here, consulting internist Dr. Concepcion Enriquez provided the physical RFC adopted by the ALJ.  (AR 29, 362.)  Medical expert Dr. Steven Gerber who reviewed all the medical evidence testified Claimant had no significant physical limitations.  (AR 29, 63.)  He also testified that Claimant's history of cysticercosis may have been responsible for his transient seizure episodes and there had been no seizures since 2008.  (AR 29, 65-66.)  Claimant, moreover, testified that his driver's license which had been revoked because of his seizures had been reinstated.  (AR 29, 74.)

Similarly, the ALJ found little limitation in the Claimant's mental condition.  (AR 29.) Consulting clinical psychologist Dr. Rosa Colonna assessed Plaintiff with borderline to low average intellectual functioning (AR 29, 365) but able to "carry out short, simplistic instructions without difficulty."  (AR 29, 367.)  Although Dr. Colonna indicated Claimant was mildly impaired in the ability to perform detailed instructions, she also opined Claimant would be "able to make simplistic work-related decisions without special supervision."  (AR 29, 367.)  A State agency reviewing psychiatrist did not even think Plaintiff's mental condition was severe.  (AR 29, 368.)

1    Plaintiff does not contest the ALJ's finding that his impairments are not corroborated by
2    the objective medical evidence except to say that the ALJ may not rely on that reason alone.
3    The ALJ's second reason for discounting Claimant's subjective symptoms, that no doctor who
4    examined Plaintiff expressed the opinion that he was totally disabled, is not a separate reason
5    for doing so.  That statement or finding is simply another description of the objective medical
6    evidence.

7        The ALJ, however, does present an additional reason for discounting Plaintiff's
8    subjective symptoms.  The ALJ found that Claimant had indicated that his medication had been
9    controlling his mental symptoms with no side effects.  (AR 27, 29-30.)  Impairments that can be
10   controlled effectively with medication are not disabling.  Warre v. Comm'r, 439 F.3d 1001, 1006
11   (9th Cir. 2006).  Significantly, Plaintiff offers no reply to the ALJ's finding.

12       Thus, Plaintiff's assertion that the ALJ's decision is "void of any sufficient rationale" for
13   discounting Mr. Mejia's subjective symptom testimony is simply not so.  The ALJ properly
14   discounted Claimant's subjective symptoms for clear and convincing reasons supported by
15   substantial evidence.

16       Although Plaintiff disagrees with the ALJ's interpretation of the evidence, the ALJ is
17   responsible for resolving conflicts in the evidence and ambiguities in the record.  Andrews, 53
18   F.3d at 1039.  An ALJ's interpretation of the evidence, if reasonable as it is here, should not be
19   second-guessed.  Rollins, 261 F.3d at 857.

20       The ALJ's RFC properly reflects the limitations proffered by consulting physicians.  In
21   particular, there was no evidence that Plaintiff would miss three or more days of work due to
22   mental impairment or would be off task as a result of medication side effects.  The ALJ's RFC is
23   supported by substantial evidence.  The ALJ's non-disability determination is supported by
24   substantial evidence and free of legal error.

25   / / /
26   / / /
27   / / /
28

8

1  **ORDER**

2      IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

3  Commissioner of Social Security and dismissing this case with prejudice.

4

5  DATED: June 25, 2013                          */s/ John E. McDermott*

6                                       JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28